```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

BYRON A. YORK,                      :

    Plaintiff,                    :

vs.                                 :

                                    CIVIL ACTION 09-0623-CG-M

MICHAEL J. ASTRUE,                  :
Commissioner of
Social Security,                    :

    Defendant.                    :

## REPORT AND RECOMMENDATION

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was waived in this action (Doc. 17). Upon consideration of the administrative record and the memoranda of the parties, it is recommended that the decision of the Commissioner be reversed, that this action be remanded, and that judgment be entered in favor of Plaintiff Byron A. York and against Defendant Michael J. Astrue.

    This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evi-

dence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was thirty years old, had completed a high school education (Tr. 43),[1] and had previous work experience as an ironworker or structural steel worker (Tr. 44, 51). In claiming benefits, Plaintiff alleges disability due to "near complete left brachial plexus injury/palsy and status post partial thickness burn to the left hand" (Doc. 13 Fact Sheet).

The Plaintiff filed an application for SSI on July 12, 2006 (Tr. 77-80). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he was not able to perform his past relevant work, York was capable of performing a full range of light work (Tr. 14-25). Plaintiff requested review of the hearing decision (*see* Tr. 4-12) by the Appeals Council, but it was denied (Tr. 1-3).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, York alleges that: (1) The ALJ erred in rejecting his complaints of pain; (2)

---

[1] Plaintiff testified that he had received a Graduate Equivalency Degree (Tr. 43).

Plaintiff is unable to perform a full range of light work; and (3) the ALJ's decision is not supported by the testimony of the Vocational Expert (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 14).

Plaintiff claims that the ALJ improperly determined that he was able to perform a full range of light work.[2]  In making this claim, York asserts that the ALJ has made a determination as to his residual functional capacity (hereinafter *RFC*) for which there is no medical support (Doc. 13, pp. 8-11).

The Court notes that light work has been defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b) (2009).  The Court notes that the ALJ is responsible for determining a claimant's RFC.  20 C.F.R. §

---

[2] Because the Court finds that this claim has merit, there is no need to discuss the other claims raised in this action.

416.946 (2009).

In this action, the ALJ determined that although York was unable to perform his past relevant work, he was capable of performing a full range of light work (Tr. 21-24).  The Court notes that the ALJ points to no medical evidence as support for this determination.  The Court further notes that the ALJ rejected the physical capacities evaluations of a non-examining State Agency source (Tr. 21-22; *cf.* Tr. 157-64) and an examining orthopaedic surgeon (Tr. 23; *cf*. Tr. 206, 209-11) in reaching his decision.

However, Chief Judge Granade, in this Court, has held that "the Commissioner's fifth-step burden cannot be met by a lack of evidence, or by the residual functional capacity assessment of a non-examining, reviewing physician, but instead must be supported by the residual functional capacity assessment of a treating or examining physician."  *Coleman v. Barnhart*, 264 F.Supp.2d 1007, 1010 (S.D. Ala. 2003).  The Court finds this holding to be particularly relevant in the facts of this case as the evidence demonstrates that a neurologist and an orthopedic surgeon who examined him have indicated that Plaintiff has no use of his left arm whatsoever (Tr. 147, 154).  York testified that he is left-hand dominant (Tr. 51).  While the ALJ may be correct that Plaintiff can perform a full range of light work, there is no medical evidence in the record to support the finding.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Therefore, it is recommended that the action be reversed and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's physical capabilities and limitations.

Furthermore, it is recommended that a final judgment be entered ordering remand in this action pursuant to sentence four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this recommendation, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's

Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 11th day of March, 2010.

                                s/BERT W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE