IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BYRON A. YORK, :
:
    Plaintiff, :
:
vs. : CIVIL ACTION 09-0623-CG-M
:
MICHAEL J. ASTRUE, :
Commissioner of :
Social Security, :
:
    Defendant. :

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's attorney's Application for Attorney Fees Under the Equal Access to Justice Act, as amended and with supporting documentation (Docs. 22, 23), and Defendant's Opposition to Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 24). After consideration of the pertinent pleadings, it is recommended that the Application be granted and that Plaintiff's attorney, Byron A. Lassiter, be awarded an EAJA attorney's fee in the amount of $3,968.81[1].

---

[1] In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Court stated: "It is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party." *See also, Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("We conclude the EAJA means what it says: attorney's fees are awarded to the "prevailing party," not to the prevailing party's attorney.") However, in this action, Mr. Lassiter has attached to the Application for Attorney

1

Plaintiff filed this action on September 23, 2009 (Doc. 1). On March 11, 2010, the undersigned Judge entered a Report and Recommendation, recommending reversal of the decision of the Commissioner and remand for further proceedings consistent with the Report and Recommendation (Doc. 18). It was further recommended that judgment be entered in favor of Plaintiff and against Defendant pursuant to sentence four of 42 U.S.C. § 405(g). By Order and Judgment entered March 26, 2010 (Docs. 20, 21), Judge Granade adopted the Report and Recommendation as the opinion of the Court.

On May 26, 2010, Byron A. Lassiter, counsel for Plaintiff, filed an Application for Attorney Fees Under the Equal Access to Justice Act, in which he requests a fee of $3,968.81, computed at an hourly rate of $171.81 for 23.1 hours spent in this Court (Docs. 22, 23). Defendant in his Response filed June 7, 2010 (Doc. 24), concedes that Plaintiff became the prevailing party when the Court remanded this action, Schaefer, 113 S.Ct. at 2631, and that the fee motion was timely filed; however, he does not concede that the original administrative decision denying benefits was not substantially justified (Doc. 24). Defendant contends that the Court should find that the Commissioner's position was substantially justified and requests that Plaintiff's claim for EAJA attorney's fees be denied.

Fees a Limited Power of Attorney assigning the EAJA Fee to counsel and signed by Plaintiff (Attachment 2 to Doc. 23). Therefore, it is ordered that the EAJA fee be paid directly to Plaintiff's attorney.

Defendant does not object to the hours or hourly rate requested.

The EAJA requires a court to

> award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of Agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 2632 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412. *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). First, the claimant must file an application for fees within the thirty-day period. Second, the claimant must be a prevailing party. Third, the Government's position must not be substantially justified. Defendant concedes that Plaintiff meets the first two conditions but asserts the Government's position was substantially justified.

With regard to this last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail to "establish that its positions were 'substantially justified' or

3

that there exist 'special circumstances' which countenance against the awarding of fees." *Myers*, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)). That means that the Government must show that there was a "reasonable basis both in law and fact" for the positions it took. *Myers*, 916 F.2d at 666 (citations omitted). The Court notes that "[a]n examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department .... Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees." *Myers*, 916 F.2d at 666 n.5 (emphasis in original; citations omitted). Though Defendant bears the burden of showing that its position was substantially justified, "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." *Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

In the Report and Recommendation dated March 11, 2010 (Docs. 18, 19), the Court found as follows:

> In this action, the ALJ determined that although York was unable to perform his past relevant work, he was capable of performing a full range of light work (Tr. 21-24). The Court notes that the ALJ points to no medical evidence as support for this determination. The Court further notes that the ALJ rejected the physical capacities evaluations of a non-examining State Agency source (Tr. 21-22; *cf*. Tr. 157-64) and an examining orthopaedic surgeon (Tr. 23; *cf*.

4

> Tr. 206, 209-11) in reaching his decision.
>
> However, Chief Judge Granade, in this Court, has held that "the Commissioner's fifth-step burden cannot be met by a lack of evidence, or by the residual functional capacity assessment of a non-examining, reviewing physician, but instead must be supported by the residual functional capacity assessment of a treating or examining physician." *Coleman v. Barnhart*, 264 F.Supp.2d 1007, 1010 (S.D. Ala. 2003). The Court finds this holding to be particularly relevant in the facts of this case as the evidence demonstrates that a neurologist and an orthopedic surgeon who examined him have indicated that Plaintiff has no use of his left arm whatsoever (Tr. 147, 154). York testified that he is left-hand dominant (Tr. 51). While the ALJ may be correct that Plaintiff can perform a full range of light work, there is no medical evidence in the record to support the finding.
>
> Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Therefore, it is recommended that the action be reversed and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's physical capabilities and limitations.

(Doc. 18, pp. 4, 5).

Defendant, in his Opposition (Doc. 24), states that there was a reasonable basis in law and fact for the Commissioner's position that Plaintiff retained the residual functional capacity to occasionally lift and/or carry up to twenty pounds and frequently lift and/or carry up to ten pounds with his right hand.

Defendant further states that the ALJ followed the regulations,

rulings, and Eleventh Circuit authority in considering all the evidence and that the ALJ then reasonably relied on the objective medical evidence of record.

As set out above and in the Report and Recommendation, the Court found that, based upon a review of the entire record, the ALJ's decision was not supported by substantial evidence. By Order and Judgment entered March 26, 2010 (Docs. 20, 21), Judge Granade adopted the Report and Recommendation as the opinion of the Court. Therefore, the Court remanded this action to the Social Security Administration for further administrative proceedings to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's physical capabilities and limitations. The undersigned recommends that the Court find that Defendant's position was not substantially justified in that there was not a reasonable basis in law and fact for the position it took.

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action.

The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Watford v. Heckler, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting Hensley v. Eckerhartt, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988). In describing this lodestar method

6

of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended" .... Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

Hensley, 461 U.S. at 434 (citations omitted). Counsel must use professional judgment in billing under EAJA. A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights. Norman v. Housing Authority, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's attorney's Application and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's counsel's time expended in prosecuting this action for a total of 23.1 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." ... The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward...to take into account an increase in the cost of living, or a special factor.

Id. at 1033-34 (citations omitted & footnote omitted)[2]. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. NAACP

---

[2] Subsequent to Meyer, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

8

v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 1547 n.11 (1984). Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience. Norman v. City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). Where documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing. Id.

Since 2001, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour. See e.g., Smith v. Massanari, Civil Action 00-0812-P-M (October 25, 2001); and Square v. Halter, Civil Action 00-0516-BH-L (April 12, 2001). However, in 2007, in an action before Judge Cassady, a formula was approved and used to adjust the prevailing market hourly rate to account for the ever-increasing cost of living. Lucy v. Barnhart, CA 06-0147-C (July 5, 2007). As set out in Lucy, the formula to be used in calculating all future awards of attorney's fees under the EAJA is: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint[3])/152.4, where 152.4 equals the CPI-U

---

[3]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] ... [t]he temporal midpoint

of March 1996, the month and year in which the $125 cap was enacted.'" (Id. At 11, quoting Doc. 31, at 2). The undersigned also adopts this formula in EAJA fee petition actions for use in arriving at the appropriate hourly rate.

The temporal midpoint in this action was December 24, 2009, the complaint having been filed on September 23, 2009 (Doc. 1), and the Court having entered its Order and Judgment on March 26, 2010 (Docs. 20, 21). The CPI-U for December 2009 was 209.476. Plugging the relevant numbers into the foregoing formula renders the following equation: $125.00 x 209.476/152.4. Completion of this equation renders an hourly rate of $171.81.

In conclusion, it is recommended that Plaintiff's attorney's Application be **GRANTED**, as set out above, and that Plaintiff's attorney, Byron A. Lassiter, be **AWARDED** an EAJA attorney's fee in the amount of $3,968.81.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en

---

is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." Lucy v. Barnhart, CA 06-0147-C, Doc. 31, at 3.

banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 13th day of July, 2010.

          s/BERT W. MILLING, JR.
          UNITED STATES MAGISTRATE JUDGE