```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

BYRON A. YORK,                        :
                                      :
     Plaintiff,                       :
                                      :
vs.                                   :     CIVIL ACTION 09-0623-CG-M
                                      :
MICHAEL J. ASTRUE,                    :
Commission of Social Security,        :
                                      :
     Defendant.                       :
```

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's Attorney's Petition for Authorization for Attorney Fees (Doc. 28) and Defendant's Response (Doc. 29).  After consideration of all pertinent materials in the file, it is recommended, without objection by the Government, that Plaintiff's Attorney's Motion be granted, that Plaintiff's Attorney, Byron A. Lassiter, be awarded a fee of $4,435.50 for his services before this Court, and that Lassiter pay to Plaintiff the sum of $3,968.81, the sum representing the fee previously awarded to Lassiter pursuant to the Equal Access to Justice Act (hereinafter *EAJA*).

Plaintiff hired Lassiter on September 21, 2006 to pursue his claims for a period of disability and Supplemental Security Income (hereinafter *SSI*) (*see* Doc. 28, p. 1).  At that time,

1

York agreed that Lassiter would receive twenty-five percent of past-due benefits paid to Plaintiff (*see id.*); a written contingent fee agreement was executed by Plaintiff on September 23, 2009 (Doc. 28, Exhibit D).

For the past approximately five years and six months, Counsel has prosecuted Plaintiff's claims before both the Social Security Administration (hereinafter *SSA*) and this Court, commencing a civil action here on September 23, 2009 (Doc. 1). On March 11, 2010, the Undersigned entered a Report and Recommendation, recommending that the decision of the Administrative Law Judge (hereinafter *ALJ*) be reversed and this action remanded for further administrative proceedings (Doc. 18). On March 26, 2010, United States District Judge Granade adopted the recommendation as the opinion of the Court and entered judgment accordingly (Docs. 20-21). On remand, the ALJ rendered a fully favorable decision on February 28, 2011, finding Plaintiff entitled to disability benefits (Doc. 28, p. 5; *see* Exhibit B).[1]

Lassiter states that he has been advised by the Social Security Administration that York's past due benefits equal

---

[1] Lassiter states that the ALJ also reopened an application seeking Title II benefits and awarded those benefits as well (*see* Doc. 28, p. 2).

$41,742.00 (*see* Doc. 28, p. 3).  Twenty-five percent of that amount, representing the portion York agreed to pay his Attorney, is $10,435.50.

On July 15, 2011, Plaintiff's Counsel received an Authorization to Charge and Collect Fee from the SSA in the amount of $6,000 for administrative fees (Doc. 28, Exhibit C).  Lassiter indicates that he received that amount on February 15, 2012 (Doc. 28, p. 4 n.1).  The Attorney now requests a fee in the amount of $4,435.50 for his services before this Court (Doc. 28).  Together, these sums equal twenty-five percent of Plaintiff's past-due benefits.

On February 15, 2012, Lassiter filed the pending Motion, requesting approval of a fee in the amount of $4,435.50 (Doc. 28).  Since filing this action on September 23, 2009, Counsel has spent a total of 23.10 hours representing York before this Court without compensation (Doc. 28, Exhibit B).  Defendant has provided no objection to the requested fee (Doc. 29).

The Social Security Act provides that when a court renders a favorable judgment to a Social Security claimant "who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of

3

the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* Thus, the Act "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citations omitted) (emphasis in original).

The Supreme Court, in *Gisbrecht v. Barnhart*, 535 U.S. 789, 805-07 (2002), concluded that Congress designed § 406(b) to monitor fee agreements between Social Security benefits claimants and their counsel. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The only boundaries made by Congress are that the fee cannot exceed twenty-five percent of the total disbursement and that the "fee sought [be] reasonable for the services rendered." *Id.*

The fee provided for in § 406(b) is in addition to that

4

provided in § 406(a) which states that the Commissioner may award attorney's fees to a successful claimant's attorney for work performed before the SSA.  Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fee a claimant's attorney may receive pursuant to EAJA, 28 U.S.C. § 2412, if the Commissioner's position before the Court was not "substantially justified."  *Gisbrecht*, 535 U.S. at 796.  In order to avoid a double recovery, a claimant's attorney who is awarded attorney's fees under both § 406(b) and EAJA must refund the lesser amount to his or her client.  *Id.*

The *Gisbrecht* Court did not set out the specific facts that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement.  It did, however, point to the following factors which may be considered in reviewing for reasonableness:  (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement; and (6) a requirement that the requested fee does not exceed twenty-five percent of past-due benefits.  *See Gisbrecht*, 535 U.S. at 808.  A decision from the Second Circuit Court of Appeals further

noted that "[s]hould the district court find that the agreement provides an unreasonable fee under the circumstances, the court may reduce the fee provided it states the reasons for and the amounts of the deductions."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2nd Cir. 1990).

After reviewing the fee petition and accompanying documents, the Defendant's response, and the guidance provided by *Gisbrecht* and the opinions cited above, the Court finds that Lassiter has diligently represented Plaintiff since September 23, 2009 in this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Lassiter contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement in which he agreed to the fee being requested by Lassiter (Doc. 28, Exhibit D).  The total fee requested does not exceed twenty-five percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with his Attorney.  While the requested fee is large, it cannot be considered a windfall or unreasonable.  The Court finds that the requested fee of $4,435.50 is reasonable for the services rendered before this Court.

In a Report and Recommendation entered on July 13, 2010 (Doc. 23), the Undersigned recommended that the Commissioner be ordered to pay Plaintiff's Counsel $3,968.81 in fees pursuant to EAJA.  On July 28, 2010, that Report and Recommendation was adopted as the opinion of the Court by Judge Granade and Judgment was entered thereon (Docs. 26-27).  In the instant Motion, Lassiter acknowledges the need for this Court to include in its order a provision that he pay Plaintiff $3,968.81, the sum representing the fee awarded under EAJA and which is currently held in trust for Plaintiff's benefit (Doc. 28, pp. 6-7).  An attorney's fee awarded under § 406(b) is subject to a dollar-for-dollar offset by the attorney's previous fee awarded under EAJA.

Therefore, it is recommended, without objection from Defendant, that Plaintiff's Attorney's Motion for Attorney's Fees be granted and that Plaintiff's Attorney be awarded a fee in the amount of $4,435.50 for his services before this Court. It is further recommended that Lassiter pay Plaintiff $3,968.81, the sum representing the EAJA fee previously awarded.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or

anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

8

Done this 19th day of March, 2012.

                              s/BERT. W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE